The Kimberly Rice Kaestner 1992 Trust v. N.C. Dep't of Rev., 2013 NCBC 9.

STATE OF NORTH CAROLINA        IN THE GENERAL COURT OF JUSTICE
                                         SUPERIOR COURT DIVISION
COUNTY OF WAKE                            12 CVS 8740

| | | |
|---|---|---|
| THE KIMBERLY RICE KAESTNER 1992 TRUST, | ) ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | **ON DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| NORTH CAROLINA DEPARTMENT OF REVENUE, | ) ) | |
| Defendant | ) | |

THIS MATTER comes before the court on Defendant North Carolina Department of Revenue's Motion to Dismiss ("Motion") Plaintiff's various claims pursuant to Rules 12(b)(1), (2) and (6) of the North Carolina Rules of Civil Procedure ("Rule(s)"); and

THE COURT, having reviewed the Motion, briefs in support and in opposition thereof and other appropriate matters of record, FINDS, CONCLUDES and ORDERS that the Motion is GRANTED in part, and DENIED in part, for the reasons stated herein.

*Moore & Van Allen, P.L.L.C. by Thomas D. Myrick, Esq. and Neil T. Bloomfield, Esq. for Plaintiff.*

*North Carolina Department of Revenue by Kay Linn Miller Hobart, Esq. and Peggy Vincent, Esq. for Defendant.*

<u>Procedural Posture</u>

[1]     The Kimberly Rice Kaestner 1992 Trust brings the present action and asks this court to determine that as it relates to this action, North Carolina General Statute § 105-160.2 (hereinafter, references to North Carolina General Statutes will be to "G.S.") violates the Due Process Clause and the Commerce Clause of the United

States Constitution and Section 19 of the North Carolina Constitution. Plaintiff seeks a refund of all taxes, penalties and interest paid by it pursuant to G.S. 105-160.2 for the tax years 2005 through 2008 ("Constitutional Claims"). Plaintiff further seeks to enjoin Defendant from enforcing any assessments issued pursuant to G.S. 105-160.2 and from issuing future assessments against Plaintiff based on the same statute ("Injunctive Relief").

Factual Background

[2] G.S. 105-160.2 provides, in pertinent part, that the North Carolina Department of Revenue may assess an income tax on the portion of a foreign trust's retained income that is for the benefit of a North Carolina resident.

[3] Plaintiff is a wholly foreign trust. Neither Plaintiff's trustees nor its settlor have ever resided in North Carolina. Plaintiff's situs is located outside North Carolina. All property owned by Plaintiff is located outside of North Carolina. Plaintiff has never made a distribution to any beneficiary residing in North Carolina. Plaintiff derives no income within North Carolina or from North Carolina sources. It apparently is uncontested that Plaintiff's sole connection to North Carolina is the presence of Plaintiff's current beneficiaries, Mrs. Kimberly Rice Kaestner and her three children ("Beneficiaries"), within the State.

[4] Plaintiff operates as a discretionary trust, with the Trustee having absolute discretion as to whether distributions are made to the Beneficiaries. None of the Beneficiaries may make a demand on Plaintiff for a distribution nor do the Beneficiaries have any rights as to Plaintiff's assets.

[5]     Plaintiff paid taxes to Defendant pursuant to G.S. 105-160.2 for the calendar years 2005 through 2008 based solely on the presence of the Beneficiaries within North Carolina.

[6]     In 2009, Plaintiff filed claims with Defendant for a refund of all taxes paid pursuant to G.S. 105-160.2 for the tax years 2005 through 2008.  Those claims were denied by Defendant.

[7]     In 2010, Plaintiff filed an Objection and Request for Departmental Review based on Defendant's denial of Plaintiff's 2009 claims.  Defendant again denied Plaintiff's claims.

[8]     In 2011, Plaintiff commenced an action before the Office of Administrative Hearings seeking the same relief it seeks here.  The Office of Administrative Hearings dismissed Plaintiff's action based on lack of jurisdiction because the sole issue for determination was the constitutionality of G.S. 105-160.2.

[9]     Plaintiff then filed its civil action with this court pursuant to G.S. 105-241.17.  All other requirements of G.S. 105-241.17 have been satisfied, and this case is properly before the court.

Discussion

[10]     Plaintiff contends the taxation scheme outlined in G.S. 105-160.2 is unconstitutional under the Due Process Clause of the United States Constitution ("Due Process Clause") because the mere presence of a beneficiary within the state is not a sufficiently substantial connection with North Carolina to justify the state imposing a tax on Plaintiff's retained income.  Plaintiff further argues that G.S. 105-160.2 is unconstitutional under the Due Process Clause because there is no rational relationship

between the tax imposed on Plaintiff by G.S. 105-160.2 and any benefit provided to Plaintiff by the state.

[11]     Plaintiff also argues that G.S. 105-160.2 is unconstitutional under the Commerce Clause of the United States Constitution ("Commerce Clause") because: (a) the tax is not applied to an activity with a substantial nexus to North Carolina; (b) the tax is not fairly apportioned; (c) the tax discriminates against interstate commerce and (d) the tax is not fair relative to the services provided to Plaintiff by North Carolina.

[12]     Lastly, Plaintiff contends that G.S. 105-160.2 is unconstitutional under Section 19 of the North Carolina Constitution ("Section 19") because the statute deprived Plaintiff of property without due process of law and in violation of the Commerce Clause.

[13]     The Motion seeks dismissal of Plaintiff's Constitutional Claims pursuant to Rule 12(b)(6) and dismissal of the Injunctive Relief sought by Plaintiff pursuant to Rules 12(b)(1), (2) and (6).  In support of the Motion, Defendant argues that Plaintiff's Constitutional Claims fail as a matter of law because G.S. 105-160.2, on its face, conforms to the Due Process Clause, the Commerce Clause and Section 19.  Plaintiff also submits that the Injunctive Relief sought by Plaintiff is barred by sovereign immunity and G.S. 105-241.19.

[14]     Turning first to Plaintiff's prayer for Injunctive Relief, the court FINDS and CONCLUDES that G.S. 105-241.19 sets out the exclusive remedies for disputing the denial of a requested refund and expressly prohibits actions for injunctive relief to prevent the collection of a tax.  Therefore, Plaintiff cannot pursue Injunctive Relief in this

action, and the Motion should be GRANTED as to the Injunctive Relief sought by Plaintiff. Plaintiff's Injunctive Relief claim should be DISMISSED.

[15]     Turning next to Plaintiff's Constitutional Claims, the court notes that dismissal of a claim pursuant to Rule 12(b)(6) is appropriate "when the complaint on its face reveals that no law supports plaintiff's claim . . . ." *Jackson v. Bumgardner*, 318 N.C. 172, 175 (1986). Conversely, a claim should not be dismissed pursuant to Rule 12(b)(6) unless, "it appears beyond a reasonable doubt that the plaintiff could not prove any set of facts in support of his claim that would entitle him to relief." *Sutton v. Duke*, 277 N.C. 94, 108 (1970). A party may move to dismiss under Rule 12(b)(6) to test the legal sufficiency of a complaint asserting constitutional issues. *N.C. E. Mun. Power v. Wake Cnty.*, 100 N.C. App. 693 (1990).

[16]     It appears to the court that this issue is a matter of first impression in North Carolina. This fact is apparently uncontested by Defendant. There is no affirmative case law in North Carolina upholding the constitutionality of G.S. 105-160.2 that bars Plaintiff's Constitutional Claims. Further, neither the court nor the parties have found any binding law from other sources that upholds a taxation scheme similar to G.S. 105-160.2. The cases cited by Defendant in support of the Motion are not entirely analogous, either legally or factually, to the present action and are, for the most part, from other jurisdictions. Therefore, the court has no basis to conclude that Plaintiff's Constitutional Claims, on their face, must fail as a matter of law.

[17]     In addition, Plaintiff cites to a number of similar cases that support its contention that G.S. 105-160.2 is unconstitutional. It appears to the court that there is at least a colorable argument that North Carolina's imposition of a tax on a foreign trust

based solely on the presence of a beneficiary in the state does not conform with the Due Process Clause, the Commerce Clause or Section 19. In so finding, the court does not pass judgment on the ultimate constitutionality of G.S. 105-160.2. The court only concludes that there is some basis in the law to support Plaintiff's claims.

[18]    The Motion now before the court has a somewhat unusual posture. To grant the Motion, the court would have to conclude, as a matter of law, that G.S. 105-160.2 conforms to the Due Process Clause, the Commerce Clause and Section 19. Given that there appear to be no remaining factual issues here, and the fact that a Rule 12(b)(6) motion may be used to test the legal sufficiency of a constitutional claim, the court might appropriately determine now the ultimate issue of the constitutionality of G.S. 105-160.2 in the context of this action. However, at the hearing on the Motion, counsel for Defendant contended that this court should not determine the present action on its merits and instead base its decision solely on the narrow legal issue of whether Plaintiff has failed to state a claim upon which relief may be granted. This apparently was on the theory that there may be relevant facts not currently of record that could impact the ultimate outcome of this matter. Upon due consideration, the court declines to reach the ultimate constitutionality of G.S. 105-160.2 at this time, and instead limits itself to determining whether Plaintiff's claims fail as a matter of law.

[19]    Based on the foregoing, the court CONCLUDES that Plaintiff's Constitutional Claims are sufficient to withstand the Motion, and the Motion therefore should be DENIED as to Plaintiff's Constitutional Claims.

THEREFORE, it hereby is ORDERED that:

[20]     As to Plaintiff's claim for Injunctive Relief, the Motion is GRANTED and Plaintiff's Injunctive Relief claim is DISMISSED.

[21]     As to Plaintiff's Constitutional Claims, the Motion is DENIED.

This the 11th day of February, 2013.